IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                            No. CR 15-04401 KG
                                                  No. CV 17-01155 KG/LF

JORGE RECIO-HERNANDEZ,

    Defendant/Movant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, *sua sponte* under Rule 4(b) of the Rules Governing Section 2255 Proceedings, upon Defendant/Movant Jorge Recio-Hernandez's Motion: Request to Review Sentence. (Doc. 44). Recio-Hernandez's Motion is a second or successive motion under 28 U.S.C. § 2255, filed without authorization from the United States Court of Appeals for the Tenth Circuit, and the Court will dismiss the Motion for lack of jurisdiction.

Defendant/Movant Jorge Recio-Hernandez was sentenced to 33 months imprisonment on April 25, 2016 for reentry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b). (Doc. 38). Recio-Hernandez did not file a direct appeal of his conviction or sentence. Recio-Hernandez filed his first motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 attacking the conviction and sentence in this case on October 12, 2016. (Doc. 39). His original filing was a letter inquiring as to whether he was entitled to relief under the United States Supreme Court's ruling in *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551 (2015). (Doc. 39). The Court issued an order under *Castro v. United States,* 540 U.S. 375 (2003), advising

1

Recio-Hernandez that the Court intended to construe his filing as a § 2255 motion and that, if he chose not to withdraw the filing, any subsequent § 2255 motions would be considered to be second or successive motions for purposes of 28 U.S.C. §§ 2244 and 2255(h). (Doc. 40). The Court dismissed Recio-Hernandez's first § 2255 Motion with prejudice, denied a certificate of appealability, and entered Judgment against him on June 30, 2017. (Doc. 42, 43).

Recio-Hernandez filed his current Motion: Request to Review Sentence on November 20, 2017. (Doc. 44). In his current Motion, Recio-Hernandez again attacks his sentence in this case, contending that his sentence was improperly enhanced under U.S.S.G. 2L1.2(b). (Doc. 44 at 2). Recio-Hernandez specifically requests that his sentence be vacated. (Doc. 44 at 2). The Court construes Recio-Hernandez's current Motion: Request to Review Sentence as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255(a). The Motion constitutes a second or successive § 2255 and is filed in violation of 28 U.S.C. §§ 2244 and 2255.

Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Recio-Hernandez has filed his § 2255 Motion without authorization from a court of appeals as required by § 2244(b)(3)(A). This Court lacks jurisdiction to consider his Motion absent the requisite authorization. When a second or successive § 2255 motion is filed in the

2

district court without the required authorization from a court of appeals the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. *See In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008).

Applying *Cline,* the Court determines it is not in the interests of justice, declines to transfer, and will dismiss this matter for lack of jurisdiction. Recio-Hernandez was previously advised that, if he submitted another filing under § 2255, he would be required to follow the procedures for proceeding on a second or successive § 2255 motion. (Doc. 40). His failure to title his submission as a § 2255 motion or to cite to § 2255 and his failure to follow the procedures under §§ 2244 and 2255 appears to be designed to circumvent the Court's order and the statutory requirements. Further, the argument Recio-Hernandez asserts in this § 2255 Motion, that his sentence was improperly enhanced under U.S.S.G. 2L1.2(b), was raised as an objection, responded to by the United States, and rejected by the Court prior to sentencing. (Doc. 27, 34, 37). It does not appear that Recio-Hernandez would be eligible for relief on his claim of improper enhancement. It would not serve the interests of justice for this Court to transfer Recio-Hernandez's § 2255 Motion to the Tenth Circuit, and the Court will dismiss the Motion for lack of jurisdiction. *Cline,* 531 F.3d at 1252.

Last, under 28 U.S.C. § 2253(c)(1) "[u]nless a circuit justice or a judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . .(B) the final order in a proceeding under section 2255." A certificate of appealability may issue under § 2253(c)(1) only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing Section 2255 Cases provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the § 2255 movant. The Court determines, *sua sponte* under Rule 11(a) of the Rules

3

Governing Section 2255 Cases, that Recio-Hernandez has failed to make a substantial showing that he has been denied a constitutional right and the Court will deny a certificate of appealability.

**IT IS ORDERED:**

(1) Defendant/Movant Jorge Recio-Hernandez's Motion: Request to Review Sentence. (Doc. 44) is **DISMISSED** for lack of jurisdiction, and

(2) a certificate of appealability is **DENIED**, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE